**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1587**

SALIM HAKIMI,

    Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 16, 2009   Decided: January 12, 2010

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Dean E. Wanderer, DEAN E. WANDERER & ASSOCIATES, Fairfax, Virginia, for Petitioner. Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, Yamileth G. HandUber, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salim Hakimi, a native and citizen of Afghanistan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding he was not eligible for relief from removability under Immigration and Nationality Act ("INA") § 212(c) because his aggravated felony conviction did not have a statutory counterpart under INA § 212(a) and because he was not eligible for § 212(c) relief because his aggravated felony conviction occurred after April 24, 1996, citing 8 C.F.R. § 1212.3(f)(4) (2009). We deny the petition for review.

The Board cited two grounds for finding Hakimi was not eligible for INA § 212(c) relief. On appeal to this court, Hakimi, in his opening brief, only addresses one of the two grounds. In A Helping Hand, LLC v. Baltimore County, MD, 515 F.3d 356, 369 (4th Cir. 2008), the court stated that "'[i]t is a well settled rule that contentions not raised in the argument section of the *opening brief* are abandoned.'" (quoting United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004)). In Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001), the court noted that specific adverse findings made by the Board which are not addressed by the Petitioner on appeal are abandoned. The court found that "[b]ecause [Petitioner's] opening brief fails to raise a challenge to the Board's conclusion that

2

[Petitioner's] 1989 conviction for assault with a dangerous weapon qualifies as a crime of moral turpitude, he has abandoned it." Id. at 326. The court noted that on that basis alone, it affirmed the Board's decision that the Petitioner was removable. Furthermore, the court does not normally consider arguments raised for the first time in a reply brief. See SEC v. Pirate Investor, 580 F.3d 233, 255 n.23 (4th Cir. 2009).

Because Hakimi did not address the Board's alternate finding that he was not eligible for INA § 212(c) relief under 8 C.F.R. § 1212.3(f)(4), we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We note Hakimi does not challenge the finding that his predicate conviction was an aggravated felony.